18-2845
Ramsundar v. Barr

BIA
A074 974 786

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>AMENDED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

SHANTAL RAMSUNDAR,
> *Petitioner,*

v.                                          18-2845
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Daniel E. Jackson, Erie County Bar
                       Association, Volunteer Lawyers
                       Project, Inc., Batavia, NY.

FOR RESPONDENT:        Jeffrey Bossert Clark, Acting
                       Assistant Attorney General; Keith I.
                       McManus, Assistant Director; John F.
                       Stanton, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Shantal Ramsundar, a native and citizen of Trinidad and Tobago, seeks review of a September 18, 2018, decision of the BIA denying her motion to reopen. *In re Shantal Ramsundar,* No. A 074 974 786 (B.I.A. Sep. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, because Ramsundar has timely petitioned for review of the denial of a motion to reopen, but not from the underlying decision, we have reviewed only the denial of her motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir. 2001). Our review would generally be limited to constitutional claims and questions of law because Ramsundar was ordered removed for aggravated felonies, *see* U.S.C. § 1252(a)(2)(C), (D), but it is not so limited here. Ramsundar requested reopening to apply for relief from removal under the Convention Against Torture ("CAT"). Accordingly, the jurisdictional limitation does not apply because a CAT claim is distinct from an order of removal. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692–93 (2020); *Sharif v.*

2

*Barr*, No. 965 F.3d 612, 619 (8th Cir. 2020) (noting that jurisdictional limit does not apply to motion to reopen CAT claim). "We review the denial of motions to reopen immigration proceedings for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

To obtain reopening, a movant must present new, previously unavailable evidence that establishes her prima facie eligibility for the relief sought. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104 (1988). The BIA did not address whether the evidence was previously unavailable but denied the motion because Ramsundar did not establish prima facie eligibility for relief. The issue is thus whether the BIA abused its discretion in reaching that conclusion. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir. 2007) ("a denial of immigration relief stands or falls on the reasons given by the IJ or BIA" (internal quotation marks and brackets omitted)).

To demonstrate prima facie eligibility for relief from removal, Ramsundar had to "show a 'realistic chance' that [s]he will be able to obtain such relief." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008). CAT relief requires the applicant to show that she would more likely than not be tortured. 8 C.F.R. §§ 1208.16(c), 1208.17. Torture is defined in part as

3

pain and suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1). An applicant for CAT relief must establish that someone in her "particular alleged circumstances is more likely than not to be tortured." *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (emphasis omitted). With her motion to reopen, Ramsundar submitted a declaration from an expert, Dr. Nathan Pino, which was prepared for Ramsundar's father's removal proceedings, and a short supplemental declaration from Dr. Pino concerning her own case.

We conclude that the BIA abused its discretion by not adequately explaining its conclusion that Ramsundar did not submit individualized evidence of her risk of torture. The BIA stated that Ramsundar "has not supported her claim that [a terrorist organization] has an interest in harming her now, or submitted individualized evidence of risk of future torture." However, Dr. Pino explained that Ramsundar's father was exposed as an informant for federal agencies, "making himself and *his family* vulnerable to retaliation from those that he had helped put behind bars," which included members of a terrorist organization operating in Trinidad and Tobago. Dr. Pino further

4

noted that Ramsundar's father's informant activities occurred recently, social networks in Trinidad and Tobago are stable and long lasting, and that Ramsundar's father would be in danger if he returned to Trinidad and Tobago. Dr. Pino concluded that "all of the dangers the father would face will equally apply to the daughter." Thus, the BIA erred in stating that Ramsundar did not present individualized evidence without explaining why it was discounting Dr. Pino's conclusion that the terrorist organization would target Ramsundar because of her father.

The BIA noted that Ramsundar's evidence was not "persuasive." Normally, "[w]e defer to the agency's determination of the weight afforded to an alien's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). However, the BIA did not make any credibility findings or otherwise indicate that Dr. Pino's conclusion was suspect or based on suspect information. "[W]e require a certain minimum level of analysis from the . . . BIA . . . if judicial review is to be meaningful" and "we also require some indication that the [agency] considered material evidence supporting a petitioner's claim." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005). Thus, although there may be grounds for the BIA to give diminished weight to Dr. Pino's declaration, we are

5

limited to the reasons given by the BIA, and the BIA did not explain why it did not find Dr. Pino's conclusions persuasive. *See Lin Zhong*, 480 F.3d at 122. On remand, should the BIA again deny reopening, it should explain its conclusions regarding Dr. Pino's declarations and should consider the declarations and Ramsundar's claims in their totality, i.e., in the event she has established a realistic chance of torture, whether her sexual orientation and criminal history increase the likelihood that the government will acquiesce to that torture. *See Poradisova*, 420 F.3d at 77.

Because we remand on this basis, we do not reach whether the BIA erred in concluding Dr. Pino's declaration would not affect the agency's previous determination that Ramsundar did not merit a waiver of inadmissibility under 8 U.S.C. § 1159(c). *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. This panel retains jurisdiction to rule, if necessary, on the issues raised

6

in a petition for review after the disposition of the remand. *See Shi Liang Lin v. DOJ*, 416 F.3d 184, 192 (2d Cir.2005) (retaining jurisdiction to decide issues on appeal following remand to the BIA); *cf. United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir.1994) (retaining jurisdiction while remanding to the district court for supplementation of the record). Although the mandate shall issue forthwith, Ramsundar may return the case to this Court by notifying the Clerk of the Court within thirty days of entry of a final BIA order on remand. Such notification will not require the filing of a new notice of appeal. If notification occurs, the matter will be referred automatically to this panel for disposition. The stay of removal previously granted shall continue during the pendency of the removal proceedings and any further proceedings pursuant to this order.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

7